**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **JOSE I. ZAPATA, #24881-077,** | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **3:05-CV-2492-N** |
| | ) | **ECF** |
| **MICHAEL ELSEY, et al.,** | ) | |
| **Defendants.** | ) | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. § 636(b), and an order of the Court in implementation thereof, this cause has been referred to the United States Magistrate Judge. The findings, conclusions and recommendation of the Magistrate Judge are as follows:

FINDINGS AND CONCLUSIONS:

Type of Case: This is a civil rights action brought by a federal inmate proceeding *pro se*.[1]

Parties: Plaintiff is presently confined at FCI Three Rivers in Three Rivers, Texas. Defendants are FBI Agents Michael Elsey and Keith Bishop, and Jurors Tracy Hadfield and Karen Bolton. The Court did not issue process in this case pending preliminary screening.

Statement of Case: The complaint seeks to sue two FBI agents and two jurors for

---

[1] Plaintiff submitted the complaint on the form for filing a civil rights action pursuant to 42 U.S.C. § 1983. Since he is seeking to sue federal agents and jurors, the Court liberally construes the complaint as one brought at least in part pursuant to Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388, 91 S.Ct. 1999 (1971).

Plaintiff's co-defendants, Marco Antonio Zapata-Rodriguez, Jr., and Marco Antonio Zapata, III, recently filed two complaints identical to the one at issue in this case. See Marco Antonio Zapata-Rodriguez, Jr. v. Elsey, et al., 3:06cv0021 (N.D. Tex., Dallas Div., filed on January 4, 2006) ( referred to Mag. J. Stickney); Marco Antonio Zapata, III v. Elsey, et al., 3:06cv0435 (N.D. Tex., Dallas Div., filed on March 10, 2006) (referred to Mag. J. Sanderson).

personal relationships that developed among them after Plaintiff's trial but before his sentencing in <u>United States v. Jose Inez Zapata</u>, 3:93cr285-R(09) (N.D. Tex., Dallas Div.).  The complaint also seeks to sue Agents Bishop and Elsey for perjured testimony presented at trial and sentencing respectively.  Plaintiff alleges the above conduct deprived him of a fair and impartial trial and that the two FBI agents should be held accountable for their perjured testimony  He requests that "the Defendants appear in open court and answer to the charges and allow the Plaintiff to be considered for a non-life term of imprisonment."  (Complaint at 4).

      <u>Findings and Conclusions</u>:  Before addressing Plaintiff's claims, the Court must first examine the threshold question of whether it has subject matter jurisdiction.  That is an issue of paramount concern, and should be addressed, *sua sponte* if necessary, at the inception of any federal action.  <u>System Pipe & Supply, Inc. v. M/V Viktor Kurnatovsky</u>, 242 F.3d 322, 324 (5th Cir. 2001); <u>Moody v. Empire Life Ins. Co.</u>, 849 F.2d 902, 904 (5th Cir. 1988).

      Unless otherwise provided by statute, federal court jurisdiction requires (1) a federal question arising under the Constitution, a federal law or a treaty, <u>see</u> 28 U.S.C. § 1331, or (2) complete diversity of citizenship between adverse parties and at least $75,000 in controversy, <u>see</u> 28 U.S.C. § 1332.

      Plaintiff seeks to have the Court investigate alleged criminal activities engaged in by the Defendants and to ensure that they are criminally prosecuted.  Investigations in possible criminal activities and the prosecution of federal criminal offenses fall within the exclusive jurisdiction of the executive branch of the federal government.  <u>See</u> <u>Pierre v. Guidry</u>, 75 F. Appx. 300, 300 (5th Cir. 2003) (per curiam) (citing <u>Cort v. Ash</u>, 422 U.S. 66, 79 (1975)) (plaintiff has no right to bring a private action under federal criminal statutes); <u>Oliver v. Collins</u>, 904 F.2d 278, 280-81

(5th Cir. 1990) (the decision to file or not to file criminal charges falls within this category of acts that will not give rise to § 1983 liability).

Plaintiff also requests a reduction in his sentence.  Such a request is not cognizable in this civil action.

Although it is not clear from the complaint whether Plaintiff is seeking monetary relief for alleged civil rights violations by the two jurors during his criminal case, this claim would also be subject to dismissal for want of jurisdiction.  Plaintiff has alleged no facts giving rise to a federal claim against the two jurors.  In order to state a civil rights claim cognizable under § 1983 or Bivens, Plaintiff must allege that (1) he was deprived of a right secured by the Constitution or laws of the United States; and (2) the deprivation was caused by one acting under color of state or federal law.  West v. Atkins, 487 U.S. 42, 48, 108 S.Ct. 2250 (1988) (for elements of § 1983 action); Evans v. Ball, 168 F.3d 856, 863 n. 10 (5th Cir. 1999) (noting that "[a] Bivens action is analogous to an action under § 1983-the only difference being that § 1983 applies to constitutional violations by state, rather than federal, officials").  Absent either element, a claim is not cognizable under either § 1983 or Bivens.

Here, Plaintiff's claim against the two jurors is not cognizable under § 1983 or Bivens because the jurors did not act under color of either state or federal law.  As noted in response to Plaintiff's motion for new trial and on direct appeal, the personal relationships between the FBI agents and the jurors developed *after* Plaintiff's criminal trial.  United States v. Zapata, No. 94-10410, slip op. at  1 (5th Cir. 1996) (noting that the relationships between the FBI agents and jurors in question occurred post-verdict).  Nor has Plaintiff alleged anything which can be construed as a deprivation of a right secured by the Constitution or laws of the United States.

Moreover, Plaintiff's claim against the two jurors cannot otherwise be construed to raise a federal question. <u>See</u> 28 U.S.C. § 1331. Diversity of citizenship jurisdiction does not appear to exist because the Plaintiff and the two jurors are citizens of Texas. <u>See</u> 28 U.S.C. § 1332. Therefore, the District Court should dismiss Plaintiff's complaint for monetary relief against the two jurors for lack of jurisdiction.[2]

Any claim for monetary relief against the FBI agents, should be dismissed under 28 U.S.C. § 1915A(b)(2) because Plaintiff is seeking relief from defendants who are absolutely immune from such relief. <u>See</u> <u>Martin v. Scott</u>, 156 F.3d 578 (5th Cir. 1998) (the statutory screening provision under § 1915A applies to all prisoners' actions against governmental entities, their officers and employees, regardless of whether the prisoner is proceeding *in forma pauperis*).[3] In <u>Briscoe v. LaHue</u>, 460 U.S. 325, 103 S.Ct. 1108 (1983), the Supreme Court held

---

[2]        Assuming *arguendo* that the jurors acted under color of law and that their conduct allegedly violated the U.S. Constitution, absolute immunity would shield them from liability. <u>See</u> 28 U.S.C. § 1915A(b)(2), discussed *infra*. Absolute immunity has been extended to private parties such as witnesses and jurors based on the function they served and the rationales underlying the grant of immunity. <u>Briscoe v. LaHue</u>, 460 U.S. 325, 103 S. Ct. 1108 (1983); <u>Imbler v. Pachtman</u>, 424 U.S. 409, 423 n. 20, 96 S.Ct. 984, 991 n. 20 (1976); <u>See also</u> <u>Butz v. Economou</u>, 438 U.S. 478, 509- 510, 98 S.Ct. 2894, 2912 (1978); <u>Mays v. Sudderth</u>, 97 F.3d 107, 112 (5th Cir. 1996); <u>DeCamp v. Douglas County Franklin Grand Jury</u>, 978 F.2d 1047 (8th Cir. 1992); <u>Young v. Biggers</u>, 938 F.2d 565, 569 (5th Cir. 1991).

[3]        Plaintiff paid the $250.00 filing fee contemporaneously with the filing of the complaint in this case.
        28 U.S.C. § 1915A reads in relevant part as follows:
        The court shall review . . . as soon as practicable after docketing, a complaint in a civil action in which <u>a prisoner</u> seeks redress from a governmental entity or officer or employee of a governmental entity [and] [o]n review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief.
28 U.S.C. § 1915A(a) and (b) (emphasis added).

that all witnesses--police officers as well as lay witnesses--are absolutely immune from civil liability under § 1983, including those who give allegedly perjured testimony during adversarial criminal proceedings.  Id. at 334, 103 S.Ct. at 111.  See also Moore v. McDonald, 30 F.3d 616 (5th Cir. 1994) (deputy sheriff's testimony in adversarial pretrial suppression hearing was absolutely immune from arrestee's § 1983 claim).

RECOMMENDATION:

For the foregoing reasons, it is recommended that Plaintiff's claims seeking a criminal investigation and a reduction of his sentence should be dismissed for lack of jurisdiction.

It is further recommended that to the extent Plaintiff requests monetary relief, that the claim against the two jurors should be dismissed for lack of jurisdiction, and that the claim against the FBI agents should be dismissed because Plaintiff is seeking relief against Defendants who are absolutely immune from such relief.  28 U.S.C. § 1915A(b)(2).

A copy of this recommendation will be mailed to Plaintiff.

Signed this 21st day of March, 2006.

_____
WM. F. SANDERSON, JR.
UNITED STATES MAGISTRATE JUDGE

NOTICE

In the event that you wish to object to this recommendation, you are hereby notified that you must file your written objections within ten days after being served with a copy of this recommendation.  Pursuant to Douglass v. United Servs. Auto Ass'n, 79 F.3d 1415 (5th Cir. 1996) (en banc), a party's failure to file written objections to these proposed findings of fact and conclusions of law within such ten-day period may bar a de novo determination by the district judge of any finding of fact or conclusion of law and shall bar such party, except upon grounds of plain error, from attacking on appeal the unobjected to proposed findings of fact and

conclusions of law accepted by the district court.

No need to reach <u>Heck</u> claim.  Any claim challenging conviction would be a § 2255 motion to vacate.